IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA GATHAGAN, | Civil Action |
| Plaintiff, | No. 3:23-cv-291 |
| v. | |
| STAFF MANAGEMENT SOLUTIONS, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## CIVIL COMPLAINT

Plaintiff, Melissa Gathagan, by undersigned counsel files this Civil Complaint and alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, ("ADA") 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; 28 U.S.C. § 1331 and 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Americans with Disabilities Act in that:

   a. Plaintiff filed a timely written charge of disability and age discrimination with the Equal Opportunity Employment Commission ("EEOC") on March 21, 2022 and cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated November 2, 2023;

   c. This action was filed with this Court within 90 days of receipt of that Notice; and

   d. More than one year has lapsed since the date Plaintiff filed her PHRC

1

complaint. Further the PHRC dismissed Plaintiff's PHRA Complaint on September 22, 2023 and this Complaint is filed within two years of that dismissal.

## II. The Parties

3. Plaintiff, Melissa Gathagan, is an adult individual who resides at 708 North 5th Street, Blair County, Bellwood, PA 16617.

4. Defendant, Staff Management Solutions, LLC. is a corporation with a place of business at 4408 E Pleasant Valley Boulevard, Blair County, Tyrone, PA 16686.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

## III. Factual Background

6. Plaintiff has worked for Defendant as a laborer/cold end inspector since January 1, 2019.

7. In June, 2020, Plaintiff injured her left hand while performing one of her job duties.

8. Plaintiff was sent for physical therapy which worsened her condition.

9. Plaintiff was then recommended for two surgeries one in September 2020 and a second surgery in February 2021.

10. Plaintiff returned working with modified duty restrictions including daily working hour limits until she was released to 12-hour days on February 3, 2022.

11. Plaintiff wears a brace on her left arm/wrist for support.

12. On February 12 and 13, Defendant told Plaintiff to clean windows, handrails and other surfaces. This was not Plaintiff's normal job duty.

13. On February 14, Plaintiff was allowed to return to her regular job and perform regular job duties for a few hours until she was escorted by two supervisors to the site manager's office.

14. Terry Lewis informed Plaintiff due to her current permanent disability and 10-pound lifting restriction that she was now a liability and they did not want her to further injure herself.

15. Plaintiff is able to work her regular job within her restrictions.

16. However, Plaintiff was told she no longer had a job, to turn in her PPE, clean out her locker and that one of the supervisors would walk her out.

17. Plaintiff offered to work any position that Defendant could offer because she wanted to work, however, Lewis refused.

## Count I:
## Americans with Disabilities Act: Discrimination and Failure to Accommodate

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as if fully restated herein.

19. As described above, Gathagan is disabled within the meaning of the ADA, because of the impairment to her left hand/wrist; Defendant perceived her as having a substantially limiting impairment; and she has a record of such impairment.

20. Plaintiff was qualified for the laborer/cold end inspector position and could perform all essential functions of the position with or without reasonable accommodations. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. § 12111(8).

21. Defendant removed Gathagan from her position as a laborer/cold end inspector, in violation of 42 U.S.C. § 12112(a).

22. Defendant also refused to place Gathagan in any position in violation of 42 U.S.C. § 12112(b)(5)(A)-(B).

23. Defendant's violation of the Americans with Disabilities Act was intentional and done with reckless disregard of Gathagan's federally protected right to be free of discrimination on the basis of her disability.

24. As a direct and proximate result of Defendant's removal of Gathagan from the laborer/cold end inspector position, as well as Defendant's failure to accommodate her disability, Gathagan has suffered and continues to suffer damages, including, but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation, and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Melissa Gathagan demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

    a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

    b. Back pay and benefits from February 14, 2022, until the time of trial, with interest;

    c. That Defendant be ordered to reinstate Plaintiff into the position she held on February 14, 2022, and provide her with accumulated seniority, fringe benefits, and all other associated rights or front pay;

    d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

    e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f. Reasonable attorney's fees and costs and expenses of litigation; and

    g.    Such other legal and equitable relief as the Court deems just and proper.

## Count II:
## Americans with Disabilities Act: Retaliation

25. Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully restated herein.

26. As described above, Plaintiff is disabled within the meaning of the ADA; Defendant perceived her as having such an impairment; and she has a record of such an impairment.

27. Defendant removed Gathagan from her position in retaliation for requesting a reasonable accommodation under the ADA, in violation of 42 U.S.C. § 12203(a).

28. Further, Defendant's removal of Gathagan was undertaken with malice or reckless indifference to her federally protected right not to be retaliated against for requesting a reasonable accommodation.

29. As a direct and proximate result of the Defendant's removal of Gathagan from her position, she has suffered and continues to suffer damages, including, but not limited to:

    a.    Lost wages and benefits;

    b.    Emotional distress, anxiety, humiliation and inconvenience;

    c.    Costs and expenses of litigation; and

    d.    Attorney's fees.

WHEREFORE, Melissa Gathagan demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

    a.    That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

    b.    Back pay and benefits from February 14, 2022, until the time of trial, with interest;

    c.    That Defendant be ordered to reinstate Plaintiff into the position she held on February 14, 2022, and provide her with accumulated seniority, fringe benefits, and all other associated rights or front pay;

    d.    Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

    e.    Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f.    Reasonable attorney's fees and costs and expenses of litigation; and

    g.    Such other legal and equitable relief as the Court deems just and proper.

## Count III:
## PHRA

30.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 29 as if fully restated herein.

31.    Defendant's firing of Gathagan violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) et seq.

32.    As a direct result of Defendant's violation of the PHRA, Gathagan has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Melissa Gathagan requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b.    That Defendant be ordered to instate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

    c.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d.    That the Court award Plaintiff compensatory damages as a result of

    Defendant's violations of the Pennsylvania Human Relations Act;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Gathagan additional relief as may be just and proper.

        Respectfully submitted,

        **Edgar Snyder & Associates**

        /s/ *John E. Black, III*
        John E. Black, III
        PA I.D. No. 83727
        US Steel Tower, 10th Floor
        600 Grant Street
        Pittsburgh, PA 15219
        Telephone: (412) 394-4446
        Facsimile: (412) 391-2180
        jblack@edgarsnyder.com

        Attorney for Plaintiff